# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON MINKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2577-AGF |
| | ) | |
| RON RICHARD, et al., | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon plaintiff Jason Minks's submission of a petition for declaratory judgment, and a motion seeking leave to commence this action without prepaying fees or costs. The Court will provisionally grant plaintiff leave to proceed *in forma pauperis*. Additionally, the Court will transfer this case to the United States District Court for the Western District of Missouri.

## The Petition

Plaintiff filed the petition seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. He invokes this Court's federal question jurisdiction, and alleges that his First, Fifth, Eighth and Fourteenth Amendment rights were violated. The respondents are a Missouri State Senator and a Missouri State Representative (hereafter "legislative defendants"), Missouri State Governor Mike Parson, and Missouri Supreme Court Judge Patricia Breckenridge. Plaintiff avers that the legislative defendants and Governor Parson have their principal offices in the Missouri State Capitol, and that Judge Breckenridge's office is in the Missouri Supreme Court.

The Missouri State Capitol and the Missouri Supreme Court are both located in Jefferson City, Missouri, which is located outside this judicial district.

Plaintiff avers that "[v]enue is proper in this Court in that upon information and belief the controversies have arisen within the geographical confines of this Court's jurisdiction, and the defendants have direct ties to the geographical confines of this Courts jurisdiction [*sic*]." (ECF No. 1 at 2). However, plaintiff makes no genuine attempt to allege that any defendant resides within this district, nor does he explain why he believes the defendants have "direct ties" to this judicial district or why he believes the controversies arose here.

Briefly, plaintiff's allegations are as follows. In 1993, plaintiff received a mandatory sentence of life without parole for an offense he committed when he was 15 years old. In 2012, the United States Supreme Court determined that giving such sentences to juvenile offenders was unconstitutional. *Miller v. Alabama*, 132 S. Ct. 2455 (2012). In 2016, the Supreme Court determined that the *Miller* decision must be applied retroactively. *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016). After the *Montgomery* decision, Judge Breckenridge entered an order in plaintiff's State court habeas case,[1] ruling that an individual resentencing hearing was unnecessary and that plaintiff could seek parole after serving twenty-five years. Later, the Missouri General Assembly passed a bill providing that people in plaintiff's position could seek parole after serving twenty-five years. The bill was signed into law. Thereafter, Judge Breckenridge entered an order in plaintiff's State habeas case, vacating her earlier order and denying plaintiff's petition. Plaintiff claims that the foregoing actions violated his constitutional rights.

It is clear that plaintiff is seeking relief against the governor and the legislative defendants because he believes they were involved in the process of promulgating and enacting legislation

---

[1] *State ex rel. Jason Minks v. Norman,* No. SC93226 (Mo. 2013).

adverse to his interest. It is also clear that plaintiff is seeking relief against Judge Breckenridge because she entered the above-described orders in his State court habeas case. Plaintiff does not allege, nor does independent inquiry reveal, that he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after the *Miller* or *Montgomery* decisions to assert a claim premised upon or related to the averments in the instant petition.

## Discussion

Venue in this action is governed by the general venue statute, 28 U.S.C. § 1391, pursuant to which this action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Here, plaintiff's non-specific "boilerplate" statement regarding venue provides no real basis upon which this Court can conclude that venue lies within this judicial district. Having reviewed the petition, the Court concludes that plaintiff's allegations establish that all of the events giving rise to his claims occurred in Jefferson City, Missouri, and that there is no basis to conclude that any defendant resides within this judicial district. Jefferson City is located in the Western District of Missouri. 28 U.S.C. § 105(b)(4). Accordingly, this Court concludes that venue does not lie within this judicial district, and is instead proper in the Western District of Missouri.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is improper, the District Court can either dismiss the action, or if it is in the interest of justice, transfer the case to any district or division in which it could have been brought. Here, the Court concludes that it is in

3

the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepayment of fees and costs (ECF No. 2) is **PROVISIONALLY GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

Dated this 10th day of February, 2020.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE